Eric J Clayman, Esquire
CLAYMAN LAW LLC
1814 East Route 70 Suite 350
Cherry Hill, NJ 08003

(856)777-5877
Eric@Clayman-Law.com

Licensed to Practice Law
In the State of New Jersey

Via CM/ECF
Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court
Camden, NJ

**Re: In re James M. White and Kelly R. White**
**Chapter 13 | Case No. 26-17267 (ABA)**
**Supplemental Opposition to Elias Alper's Motion for Stay Relief**
**Rescheduled Hearing: November 3, 2026 at 10 AM.**

Dear Judge Altenburg:

I represent James M. White and Kelly R. White. I submit this supplemental letter following the adjournment afforded by the Court to address whether Mr. Alper's asserted claim renders the Debtors ineligible for Chapter 13 relief. The Debtors incorporate James White's previously submitted Certification and request that the Court deny stay relief and establish a coordinated procedure in this Court for determining the validity and amount of the alleged claim and any properly raised dischargeability issue.

**1. Eligibility turns on the nature and amount of the debt as of the petition date.**

Section 109(e) counts noncontingent, liquidated debts as of the petition date. For a case commenced in 2026, the applicable limits are less than $526,700 in noncontingent, liquidated unsecured debt and less than $1,580,125 in noncontingent, liquidated secured debt. 11 U.S.C. §§ 104, 109(e). The Debtors recognize that disputing liability, even vigorously, does not make a debt unliquidated. The relevant inquiry concerns whether the amount was readily ascertainable, including by reference to an agreement or simple computation. *See In re Saunders*, 440 B.R. 336, 341 (Bankr. E.D. Pa. 2006).

The Debtors therefore do not rely merely on their denial of the allegations, the absence of an adjudication, or a disputed designation in their schedules. Instead, they are able to persuasively assert that this is not a debt derived from a mathematical computation; it is neither readily determinable nor capable of simple calculation. In *In re Fradkov*, No. 20-18987-JKS, Decision and Order Re: Debtor's Eligibility to Proceed Under Chapter 13, at 2, 4 (Bankr. D.N.J. Nov. 12, 2020), the Court applied that readily ascertainable standard and rejected the proposition that only debts reduced to judgment can count toward eligibility.

The Debtors' position here is that the amount asserted by Mr. Alper was genuinely unliquidated as of the petition date, rather than simply a fixed obligation they disagree they owe. It is true Alper asserts claims for compensatory damages and treble damages, but absent plenary consideration, the face amount inserted in the subject proof of claim does not, without the required review, resolve the balance due. This is not

a straightforward contract calculation. In fact, the creditor seeks stay relief to prove its claim; while we agree that proof is required, we simply assert that the determination of the claim should be conducted by this Court. Until a determination to the contrary is made, the Debtors remain eligible to be Chapter 13 debtors.

**2. The Debtors will obtain special trial counsel if the dispute is retained here.**

If the Court permits the dispute to be adjudicated in Bankruptcy Court, the Debtors will retain special counsel to handle the underlying litigation and trial. I will promptly submit the appropriate application seeking approval of that retention, along with any required compensation arrangements and disclosures, under the applicable procedures. I will remain responsible for the bankruptcy case and coordinate closely with trial counsel. The Debtors are prepared to litigate the merits through appropriate counsel and are not asking that Mr. Alper's allegations be disposed of solely on the present certifications.

**3. A claim challenge can be pleaded within coordinated bankruptcy litigation.**

The Debtors understand that a filed proof of claim is deemed allowed unless a party in interest objects. The process here has moved forward by way of the creditor seeking stay relief, with the ultimate expectation of another hearing in this Court (presumably by way of a separate Adversary Proceeding) to review any award obtained from the trial court for dischargeability. At the same time, the Debtors assert a challenge to the claim and ultimately will seek to challenge any assertion that the claim is non-dischargeable. The Debtors do not believe that a separate, duplicative motion should be required in addition to properly pleaded litigation in this Court that actively places the claim's validity and amount at issue. If the Court prefers a separate claim objection or other

application, I will promptly file it and comply with the applicable notice and service requirements. The Debtors seek an orderly procedure that avoids unnecessary duplication while preserving Mr. Alper's opportunity to prove his claim and the Debtors' right to present defenses. Eligibility under § 109(e), as well as ultimate allowance and dischargeability, will be best determined by way of a single plenary hearing before a single determiner of the facts: this Court.

**4. The circumstances favor retaining the dispute and denying stay relief.**

As James White has certified, the filing was prompted by a pending sheriff's sale of the Debtors' residence, rather than an effort to avoid adjudication of this dispute. The Debtors lack the resources to finance overlapping litigation while funding their Chapter 13 Plan. Separate proceedings would require additional attorney coordination, preparation, and appearances, alongside potentially overlapping evidence, resulting in severe prejudice to their reorganization and the creditors dependent upon it.

The Debtors acknowledge Mr. Alper's assertion that the State Court Action has progressed substantially. They also recognize that state-court findings may have a preclusive effect and could narrow later bankruptcy litigation; thus, two complete trials are not inevitable. The Debtors do not ask this Court to disregard an existing adjudication or act as a state appellate court; rather, they request a prompt forum for the issues properly remaining to be decided. Existing discovery can, to the extent permitted, be used here under a coordinated schedule, and the actual trial posture should be weighed against the demonstrated financial prejudice.

Retaining the dispute would not deprive Mr. Alper of an opportunity to be heard. The Debtors propose a prompt eligibility determination, the retention of trial counsel if the matter remains here, and a clear schedule for the necessary pleadings and merits proceedings. The Debtors request coordination and a common evidentiary hearing to the extent practicable, while leaving sequencing, any required separate determinations, and applicable jurisdictional issues to the Court.

**Conclusion**

For these reasons, the Debtors respectfully request that the Court deny relief from the automatic stay, determine eligibility based on the petition-date character and amount of their debts, and establish a coordinated schedule in this Court for the claim and any properly commenced dischargeability proceeding. If the Court requires a separate claim objection, the Debtors will promptly file it. If the dispute is retained here, they will immediately obtain special trial counsel and seek the appropriate retention approval.

Respectfully submitted,

/s/Eric J Clayman

Eric J Clayman
*Attorney-at Law*
*State of New Jersey*
CLAYMAN LAW LLC
www.CLAYMAN-LAW.com
1814 East Route 70
Suite 350
Cherry Hill, NJ 08003
(856)777-5877