# *Office of the Chapter 13 Standing Trustee*


## *Andrew B. Finberg, Chapter 13 Standing Trustee*

*Joni L. Gray, Counsel*
*Jennifer R. Gorchow, Staff Attorney*
*William H. Clunn, III, Staff Attorney*

*Lu'Shell K. Alexander**
*Jennie P. Archer**
*Kelleen E. Stanley**
*Kimberly A. Talley**

**Certified Bankruptcy Assistant*


October 27, 2026

The Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court
P.O. Box 2067
Camden, New Jersey 08102

**RE: Chapter 13 Bankruptcy**
**Case No. 26-17267 (ABA)**
**Debtor(s) Name: James M. White and Kelly R. White**

Dear Judge Altenburg:

Please accept this letter as a supplemental response to the Trustee's Objection to Eligibility. The Confirmation hearing is currently scheduled for November 3, 2026.

Debtor and the Trustee appear to agree that whether Debtors dispute liability has no bearing on inclusion of the claim of Elias Alper in the amount of $1,230,674.11 (Proof of Claim No. 15) in calculation of the debt threshold pursuant to included 11 U.S.C §109(e). Debtors cite In re Saunders which itself states that "the concept of a liquidated debt relates to the amount of the debt, not the existence of liability. 440 B.R. 336, 341, citing In re Verdunn, 89 F.3d 799, 802 (11th Cir. 1996). Instead, Debtor asserts that "the claim was genuinely unliquidated as of the date of the petition" as determining the amount of the claim would require "plenary consideration." The Trustee disagrees.

11 U.S.C §101(5)(a) defines a claim as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." Each of these terms is separate and we must assume intentionally chosen. None of these terms, however, contain the qualifier "genuinely." A claim is liquidated for the purposes of 109(e) or it is not. A liquated claim is one where the amount is known or can be readily determined by a simple computation. 2 Collier on Bankruptcy. P. 10906(2)(c) (16th ed. 2024). The necessity of a valuation hearing would not render a claim unliquidated.

Debtor's response further states they can "persuasively assert that [the debt was not] derived from a mathematical computation" and "[no]t capable of simple calculation." The Trustee is not persuaded. The Proof of Claim provides the basis for mathematical computation. The claim has been calculated.


Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

**Payments Only:**

**P.O. Box 1978**
**Memphis, TN 38101-1978**

The Debtor cites two cases in their response, In re Saunders, 440 B.R. 336 and In re Fradkov, 2020 WL 6701335, which both held that the debtors were ineligible for Chapter 13 as their debts exceeded the 109(e) threshold. These cases relied in part on In re Mazzeo, which held that tax liability was a liquidated debt as it could easily be ascertained by reviewing statutory provisions and tax returns. 131 F.3d 295, 305 (2nd Cir, 1997). Here, the creditor calculated their claim by reviewing payments, bills, and reviewing statutory provisions.

Proof of Claim No. 15 includes a breakdown of how the claim was derived. The claim lists $243,381.00 for compensatory damages "reflecting payments made by Mr. Alper to the Debtors." The creditor includes proof of these payments. Next is $730,143.00 in treble damages pursuant to N.J.S.A 56:8-1, The New Jersey Consumer Fraud Act. This statutory provision can easily be applied, as the creditor did in their Proof of Claim, by multiplying the compensatory claims by 3 or "treble." These two items, alone, put Debtors above the unsecured threshold for 109(e), and yet there are two additional components: consequential damages in the amount of $174,124.18 and attorneys' fees in the amount of $54,949.92. Evidence of both these amounts are included as exhibits to the claim. It is a simple calculation to add these four numbers together.

The remainder of Debtor's response seems to be blend of contradictions. Debtor opposes stay relief as it would increase the costs of litigation, while simultaneously declaring that special counsel will be retained for the Debtor to fully litigate the claims in this Court. Debtor further goes on to acknowledge that a proof of claim is allowed unless a party objects while also acknowledging that they have not objected. Their response seems to imply an intent to do so in the future, but only "[i]f the Court prefers a separate claim objection." Then within the same breath, suggests a plenary to determine, amongst other matters, eligibility under 109(e), after previously stating that "plenary consideration" rendered the claim unliquidated.

Finally, Debtor asserts that the basis of the bankruptcy was to stay a sheriff sale and not avoid adjudication of the claim. Although this is irrelevant for purposes of calculating the debt threshold, it should be noted that creditor Elias Alper filed a proof of claim in the previous case, 25-11363, and the Trustee objected to Debtor's eligibility based on that claim. Despite listing the claim on Schedule F as "unknown," the existence of Mr. Alper's claim was known to Debtors and their counsel prior to filing this Chapter 13 and should have been taken into consideration when determining for which chapter of bankruptcy the Debtors qualified.

As always, please feel free to contact this office with any questions or concerns.

Respectfully submitted,

s/ Joni L. Gray
Joni L. Gray
Counsel for Andrew B. Finberg,
Chapter 13 Standing Trustee

JLG/jpa
cc: Eric J. Clayman, Esquire (Via ECF/CM)

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

**Payments Only:**

**P.O. Box 1978**
**Memphis, TN 38101-1978**

James M. White and Kelly R. White